<u>UNPUBLISHED</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 03-1253**

---

NANCY WATSON, beneficiary on a life insurance
policy issued to Jamie Watson,

                                        Plaintiff - Appellant,

        versus


UNUM LIFE INSURANCE COMPANY OF AMERICA,

                                        Defendant - Appellee.

---

Appeal from the United States District Court for the District of
South Carolina, at Greenwood.  Margaret B. Seymour, District Judge.
(CA-01-4704-8-24)

---

Submitted:  February 9, 2005          Decided:  March 22, 2005

---

Before NIEMEYER, TRAXLER, and SHEDD, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Carson M. Henderson, THE GARRETT LAW FIRM, PC, Greenville, South
Carolina; C. Rauch Wise, LAW OFFICE OF C. RAUCH WISE, Greenwood,
South Carolina, for Appellant.  Theodore D. Willard, Jr.,
MONTGOMERY, PATTERSON, POTTS & WILLARD, L.L.P., Columbia, South
Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Nancy Watson appeals from the district court's order entering judgment in favor of Unum Life Insurance Co. ("Unum") in her action seeking to recover the proceeds of an accidental death and dismemberment plan pursuant to 29 U.S.C. § 1132(a)(1)(B) (2000). We affirm.

On June 9, 2000, Jamie Watson died as the result of injuries sustained in a single-car collision in Ware Shoals, South Carolina. At the time of his death, Jamie was an employee of Lowe's Companies, which established an employee accidental death and dismemberment plan with Unum. Nancy Watson--Jamie's grandmother--was designated as sole beneficiary.

The traffic report stated that the driver of Jamie's vehicle was "driving at a high rate of speed lost control of the vehicle and ran off right side of the roadway striking a ditch which caused the vehicle to overturn and strike two trees." The toxicology report disclosed that, at the time of the accident, Jamie was driving with a blood alcohol level of .175%.

Unum denied Watson's claim for benefits on the grounds that Jamie "did not sustain an 'Injury' that resulted in a covered loss as defined in the Policy," i.e., Jamie "did not sustain an accidental bodily injury that resulted directly and independently of all other causes." J.A. 151. Unum concluded, instead, that Jamie's "action of driving while under the influence of alcohol at

- 2 -

a blood alcohol level of .175% was deemed to have caused, contributed to or resulted in his motor vehicle accident." Watson then filed this action in district court alleging that she was denied benefits under the policy in contravention of ERISA.

After a bench trial, the district court entered judgment in favor of Unum, finding that Unum did not abuse its discretion in deciding that Jamie's death was not the result of an "injury" as defined in the policy. We have reviewed the record on appeal, including the district court's opinion and the parties' briefs, and have found no reversible error. Accordingly, we affirm.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED